IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-153-D

| | | |
|---|---|---|
| INTERNATIONAL LEGWARE GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AMERICAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

International Legwear Group, Inc. ("ILG") and Americal Corporation ("Americal") entered into a trademark-license agreement ("license agreement") in 2004. ILG and Americal now disagree about their respective obligations under the license agreement. On March 18, 2010, Americal sued ILG in the United States District Court for the Western District of North Carolina. On March 22, 2010, ILG sued Americal in Vance County Superior Court. Thereafter, Americal removed the Vance County action. ILG now moves to remand the Vance County action due to a lack of federal subject-matter jurisdiction and seeks an award of costs and attorney's fees under 28 U.S.C. § 1447(c). As explained below, the court grants the motion to remand and awards ILG its reasonable costs and attorney's fees.

I.

On June 7, 2004, International Legwear Group, Inc. ("ILG") and Americal Corporation ("Americal") entered into a license agreement. Am. Compl. ¶ 8; id. Ex. A. Under the license agreement, ILG authorized Americal to use and otherwise exploit certain trademarks that ILG had registered with the United States Patent and Trademark Office. See id. Ex. A. On March 2, 2010, based on its belief that Americal breached the license agreement, ILG notified Americal that ILG planned to terminate the license agreement on April 1, 2010. See id. ¶¶ 17–26. On March 18, 2010,

Americal filed a lawsuit against ILG in the United States District Court for the Western District of North Carolina seeking, inter alia, declaratory and injunctive relief. See Compl., Americal Corp. v. Int'l Legwear Grp., Inc., No. 1:10-CV-65-MR-DLH (W.D.N.C. Mar. 18, 2010).

On March 22, 2010, ILG filed this lawsuit against Americal in Vance County Superior Court [D.E. 1-2]. On April 5, 2010, ILG filed an amended complaint asserting two claims: (1) breach of the license agreement; and (2) breach of a confidentiality agreement between ILG and Americal. Am. Compl. ¶¶ 32–43. ILG seeks a declaratory judgment under N.C. Gen. Stat. § 1-253 that Americal breached the license agreement and that the license agreement is terminated. Id. ¶¶ 27–31. ILG also seeks damages and attorney's fees. See id. 5 (prayer for relief). On April 21, 2010, Americal removed the action to this court based on federal-question jurisdiction [D.E. 1].[1] Specifically, Americal contends that "ILG's Complaint presents federal questions under the Lanham Act," 15 U.S.C. §§ 1114 and 1125. See id.

ILG moves to remand the case to state court [D.E. 11]. ILG argues that its amended complaint does not involve a federal question; therefore, this court lacks subject-matter jurisdiction [D.E. 11]. See 28 U.S.C. §§ 1331, 1332(a), 1447(c). Americal has responded in opposition [D.E. 20], and ILG has replied [D.E. 21].

II.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A district court has removal jurisdiction only if the action "originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see, e.g.,

---

[1] ILG is a Virginia corporation with its principal place of business in Hildebran, North Carolina. Am. Compl. ¶ 1; Answer ¶ 1. Americal is a North Carolina corporation with its principal place of business in Henderson, North Carolina. Am. Compl. ¶ 2; Answer ¶ 2. Accordingly, diversity jurisdiction does not exist. See 28 U.S.C. 1332(a).

2

28 U.S.C. § 1441(a); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). "The burden of demonstrating jurisdiction resides with the party seeking removal." Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (quotation omitted). The court construes removal jurisdiction strictly "because of the significant federalism concerns implicated." Id. (quotation omitted). Moreover, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Americal argues that removal jurisdiction exists because ILG's complaint arises under the Lanham Act, thereby conferring federal-question jurisdiction. Def's Notice of Removal 1–3; see 28 U.S.C. §§ 1331, 1441, 1446(a). In support, Americal cites 28 U.S.C. § 1331, which "gives the district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 829 (2002) (emphasis removed) (quoting 28 U.S.C. § 1331).

In determining whether a case arises under federal law for purposes of 28 U.S.C. § 1331—and whether a case is removable under 28 U.S.C. § 1441(a)—a district court applies the "well-pleaded-complaint rule." Holmes Grp., Inc., 535 U.S. at 830 & n.2; Caterpiller Inc., 482 U.S. at 392. Under the well-pleaded-complaint rule, federal-question jurisdiction under 28 U.S.C. § 1331 exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Holmes Grp., Inc., 535 U.S. at 831 (emphasis removed) (quotation omitted). There must be a "'substantial, disputed question of federal law that is a necessary element of any of the well-pleaded state claims.'" Pinney v. Nokia, Inc., 402 F.3d 430, 445 (4th Cir. 2005) (alterations omitted) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)); see Treacy v. Newdunn Assocs., LLP, 344 F.3d 407, 410–11 (4th Cir. 2003). "For a federal issue to be both a necessary and disputed element, the vindication of a right under state law must necessarily turn on some construction of federal law." Treacy, 344 F.3d at 411(alterations omitted) (emphasis removed) (quotation omitted). Accordingly, in determining whether a plaintiff's complaint presents

3

a federal question, the court considers "only whether a disputed question of federal law is an essential element of one of the well-pleaded state claims." Pinney, 402 F.3d at 445.

ILG requests declaratory relief. "Because an action for declaratory relief is merely a substitute for a more traditional action for damages or injunctive relief, [the court] must consider whether a well-pleaded complaint in such a traditional action would present a federal issue." Missouri ex rel. Mo. Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1335 (8th Cir. 1997); see Franchise Tax Bd., 463 U.S. at 15–16. In an action for declaratory judgment, "the character of the threatened [state-court] action" dictates "whether there is federal-question jurisdiction in the District Court." Pub. Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 248 (1952). In its amended complaint, ILG seeks a declaratory judgment under N.C. Gen. Stat. § 1-253 that Americal breached the license agreement and that the license agreement is terminated. Am. Compl. ¶¶ 27–31. If ILG were to bring a claim for damages based on Americal's alleged breach of the license agreement, such a claim would not present a federal issue. See, e.g., Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Accordingly, ILG's request for declaratory judgment does not confer federal-question jurisdiction.

ILG also alleges two breach-of-contract claims and, as in its request for declaratory judgment, relies exclusively upon state law. Am Compl. ¶¶ 27–43; cf. Synergistic Int'l, LLC v. Korman, 470 F.3d 162, 168 (4th Cir. 2006). Federal law did not create the breach-of-contract causes of action, see Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986), and ILG's state-law claims do not require the resolution of an "actually disputed and substantial" federal issue. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). As such, ILG's well-pleaded amended complaint presents no federal questions.

In its prayer for relief, ILG requests attorney's fees and treble damages as "may be appropriate" in light of its breach-of-contract claims. See Am. Compl. ¶¶ 32–43; id. 5 (prayer for relief). In order to avoid the effect of the well-pleaded-complaint rule, Americal argues that ILG's

4

claims "for treble damages and attorney['s] fees require" the court to determine whether America1 violated the Lanham Act. Def.'s Mem. Opp'n Remand 3–9; see Def.'s Notice of Removal 1–3. However, such a request does not allege a claim under the Lanham Act, or transform ILG's breach-of-contract claims into Lanham Act claims. See, e.g., Pinney, 402 F.3d at 445; In re Hot-Hed Inc., 477 F.3d 320, 325 (5th Cir. 2007) (per curiam) ("[R]emoval of a trademark infringement action is improper when a plaintiff does not clearly state [it] is seeking relief under the Lanham Act." (quotation omitted) (collecting cases)); cf. Goldstein v. Moatz, 364 F.3d 205, 210 n.8 (4th Cir. 2004) (recognizing jurisdiction under 28 U.S.C. § 1338(a) "only [in] those cases in which a well-pleaded complaint establishes . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal . . . law, in that [federal] law is a necessary element of one of the well-pleaded claims").[2] Indeed, whether ILG's breach-of-contract claims allow it to collect attorney's fees or treble damages does not raise a "substantial, disputed question" about an essential element of a federal right, as required for an issue to present a federal question. Pinney, 402 F.3d at 445 (quotation omitted). "Accordingly, because federal law does not create [ILG's] cause[s] of action and because vindication of its rights under state law does not turn on some construction of federal law, general federal-question jurisdiction . . . will not lie." Columbia Gas Transmission Corp. v. Drain, 191 F.3d 552, 559 (4th Cir. 1999) (alterations, citation, and quotations omitted).

In light of the foregoing, America1's removal violates the well-pleaded-complaint rule and is improper. See, e.g., Holmes Grp., Inc., 535 U.S. at 831; Pinney, 402 F.3d at 445; Treacy, 344 F.3d at 410–11. Thus, the court lacks subject-matter jurisdiction, and grants ILG's motion to remand.

---

[2]Furthermore, a request for attorney's fees "is not intended to remedy injury caused by the alleged offense, but is instead an incidental cost of litigation not identified in the [amended] complaint as relief available under the Lanham Act or any other . . . federal statute." In re Hot-Hed Inc., 477 F.3d at 325 (distinguishing between "substantive relief under a specified federal statute intended to redress directly the wrong allegedly committed by the defendant" and "collateral relief" such as attorney's fees).

5

III.

ILG seeks reasonable costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). See Pl.'s Mem. Supp. Mot. Remand 10–11; Def.'s Reply 6 n.3. "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal.'" Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Id. at 140. As such, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c)" where the removing party "lacked an objectively reasonable basis for seeking removal." Id. at 141. "[B]ad faith is not a prerequisite to an award of attorney's fees under § 1447(c)." In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

ILG argues that Americal's removal lacked an objectively reasonable basis because "ILG filed a lawsuit . . . in state court alleging exclusively state[-]law claims for relief under two contracts." Pl.'s Mem. Supp. Mot. Remand 10. Indeed, a cursory examination of the complaint, relevant statutes, and binding precedent would have revealed to Americal that it could not remove the action that ILG filed in state court. See, e.g., Holmes Grp., Inc., 535 U.S. at 831; Pinney, 402 F.3d at 445; Treacy, 344 F.3d at 410–11. Accordingly, Americal had no objectively reasonable basis for removal, and ILG is entitled to an award of reasonable costs and attorney's fees incurred as a result of the removal. See 28 U.S.C. § 1447(c).

IV.

As explained above, the court GRANTS ILG's motion to remand [D.E. 11]. Furthermore, pursuant to 28 U.S.C. § 1447(c), the court GRANTS ILG's motion for reasonable costs and attorney's fees. ILG may submit its request for reasonable costs and attorney's fees not later than September 24, 2010. Americal may respond in accordance with this court's local rules.

SO ORDERED. This 8 day of September 2010.

                                                  JAMES C. DEVER III
                                                  United States District Judge